UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES,

    Plaintiff,

v.                                              Case No. 6:22-MJ-2309-DAB

THOMAS PAVEY,

    Defendant.
_____/

## MOTION FOR HEARING AND RECONSIDERATION

THOMAS PAVEY, by and through his undersigned attorney, moves this Honorable Court to reconsider the Court's condition of release that he provide a $5,000,000 cash bond. He also requests a brief hearing on this matter. In support thereof, Mr. Pavey states the following:

### STATEMENT OF FACTS

*Procedural History*

1. On December 21, 2022, Mr. Pavey was arrested pursuant to Rule 5(c)(2) for an indictment filed in the Northern District of Illinois. Doc. 1.

2. Mr. Pavey's initial appearance was held the same day and the government made an ore tenus motion for detention. Docs. 2 and 5.

3. A detention hearing was held on December 22, 2022 at 1:30 p.m. and one of the conditions for Mr. Pavey's release was $5,000,000 cash bond. Doc. 10.

4. After an objection from the undersigned, the Court stated that it would entertain a motion for an additional hearing on the issue.

## **ARGUMENT**

While there was proffered evidence by the government at the detention hearing that Mr. Pavey has access to several million dollars, after the execution of a search warrant on his residence, this not the case.  Presently, he is in jail and has nowhere near $5,000,000 to pay a cash bond. He owns commercial and residential property, several cars and motorcycles and a boat.  He also has some stocks and bonds. During the search warrant agents seized his expensive jewelry and watches, his currency, several gold bars, the titles to his vehicles and other valuables.  All of his electronic devices were also seized. Consequently, even if he were released from custody he has no ability to access any financial or cryptocurrency accounts.

As of this writing, a full accounting has not been made of what assets he or his representatives could liquidate to satisfy the $5,000,000 cash bond but that information should be available at a future hearing.  These assets are nevertheless significant and could satisfy the Court's concerns or provide surety for a bail bond.  As discussed in *United States v. Wong-Alvarez*, if a detainee can't meet a financial bond a judicial officer may reconsider the bond and come up with one that is "reasonable and necessary."  *U.S. v. Wong-Alvarez*, 779 F.2d 583, 585 (11th Cir. 1985)

WHEREFORE, Mr. Pavey respectfully moves this Honorable Court to schedule a hearing to reconsider the $5,000,000 cash bond as condition of his release.

/s/ Dan Eckhart
Dan Eckhart, Esq.
Florida Bar No. 488674
200 E. Robinson St., Suite 1150
Orlando, FL 32801
Ph: 407.203.3730
Fx: 407.513.4146
dan@daneckhartlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel in this case on December 23, 2022.

/s/ Dan Eckhart
Dan Eckhart, Esq.